**Chang Wei YU, Petitioner,**

v.

**THE BOARD OF IMMIGRATION APPEALS Respondent.**

No. 03–40681–AG.

United States Court of Appeals, Second Circuit.

Nov. 4, 2005.

Gary J. Yerman, New York, New York, for Petitioner.

Lisa Godbey Wood, United States Attorney of the Southern District of Georgia (Kyle G.A. Wallace, Assistant United States Attorney, on the brief), for Respondent.

PRESENT: MESKILL, CABRANES, and SACK, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the petition for review be DENIED.

Petitioner Chang Wei Yu, a citizen and national of the People's Republic of China,

petitions for review of an order of the Board of Immigration Appeals ("BIA") entered on September 15, 2003, denying his motion to reopen the BIA's June 10, 2002 order affirming a November 19, 1997 decision of an Immigration Judge ("IJ") on order his deportation. We assume the parties' familiarity with the facts, the procedural history, and the issues on appeal.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam). An abuse of discretion may be found where the BIA's decision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* at 233–34; *see also Ke Zhen Zhao v. DOJ,* 265 F.3d 83, 93 (2d Cir.2001).

Under this deferential standard, we find that the BIA did not abuse its discretion in denying Yu's motion to reopen. Based upon the record, the BIA properly found that Yu did not establish a *prima facie* case for the underlying substantive relief sought. The evidence, upon which Yu relied to rebut the denial of his underlying application for relief, actually bolstered the adverse credibility determination. Contrary to Yu's contention on appeal, the inconsistencies between his application and submissions, regarding the number of his wife's pregnancies, were not "minor," but, rather, material to the motion to reopen. *See Kaur,* 413 F.3d at 234 (finding that, where a petitioner's underlying application was denied on the basis of adverse credibility, evidence in support of a motion to reopen is material only where it rebuts that adverse credibility finding). Moreover, it is highly unlikely that the evidence sought to be admitted "was not available

and could not have been discovered or presented at the former hearing." *See* 8 C.F.R. § 1003.2(c)(1) (2005); *Kaur,* 413 F.3d at 234.

We have considered all of the petitioners' claims and find them to be without merit. The petition for review is therefore DENIED.